UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEVEN NUNEZ a.k.a. "STEVEN CRUZ",
                           Plaintiff,          Docket No.: 18-cv-01757
                                                (FB)(VMS)

    -against-

METROPOLITAN LEARNING INSTITUTE,
INC., and BORIS DAVIDOFF, individually,

                           Defendants.
------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

                                             MIRANDA SLONE
                                             SKLARIN VERVENIOTIS LLP
                                             Attorneys for Defendant
                                             240 Mineola Boulevard
                                             THE ESPOSITO BLDG
                                             Mineola, New York 11501
                                             (516) 741-7676

Of Counsel
Michael A. Miranda
Richard B. Epstein

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 4

POINT I
PLAINTIFF FAILED TO ALLEGE AN ADVERSE EMPLOYMENT ACTION ................................. 5

THE STATE COURT LAWSUIT IS VIABLE AND CLEARLY NOT FRIVOLOUS .......................... 5

PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE A NEGATIVE EFFECT ON HIS CAREER ........ 8

POINT II
PLAINTIFF FAILED TO ALLEGE FACTS TO ESTABLISH A CAUSAL CONNECTION ............... 11

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ........................................................ 8

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................... 8

Calderon v. Mullarkey Realty, LLC, 2018 WL 2871834 (E.D.N.Y. 2018) ................................... 5

Guohua Liu v. Elegance Rest. Furniture Corp., 2017 WL 4339476 (E.D.N.Y. Sept. 25, 2017).... 5

Khalid v. DJ Shirley 1 Inc., 2019 WL 325127 (E.D.N.Y. Jan. 25, 2019) ....................................... 6

Kim v. Columbia Univ., 460 F. App'x 23 (2d Cir. 2012) .............................................................. 11

Klem v. Popular Ford Sales, Inc., 975 F. Supp. 196 (E.D.N.Y. 1997) ........................................... 5

Lopez v. Ki Moon Restaurant Corp., 2018 WL 3370668 (E.D.N.Y. April 24, 2018) .................... 5

Markbreiter v. Barry L. Feinberg, M.D., P.C., 2010 WL 334887 (S.D.N.Y. Jan. 29, 2010) ......... 7

McManamon v. Shinseki, 2013 WL 3466863 (S.D.N.Y. July 10, 2013) ...................................... 11

Mullins v. City of New York, 626 F.3d 47 (2d Cir. 2010) .............................................................. 4

Murray v. Visiting Nurse Servs. of N.Y., 528 F.Supp.2d 257 (S.D.N.Y. 2007) ........................... 11

Perry v. NYSARC, Inc., 424 F. App'x 23 (2d Cir. 2011) ............................................................... 8

Rodriguez v. N.Y.C. Dep't of Transp. Staten Island Ferry Div., 2012 WL 4364487 (E.D.N.Y. Aug. 22, 2012).................................................................................................................................. 9

Rolle v. Educ. Bus Transp., Inc., 2014 WL 4662256 (E.D.N.Y. Aug. 8, 2014) ............................. 9

Torres v. Gristede's Operating Corp., 628 F.Supp.2d 447 (S.D.N.Y. 2008) ................................. 6

Yahui Zhang v. Akami Inc., 2017 WL 4329723 (S.D.N.Y. September 26, 2017) ......................... 6

## **PRELIMINARY STATEMENT**

This brief is submitted on behalf of Defendants Metropolitan Learning Institute and Boris Davidoff. Briefly stated, plaintiff's claims for retaliation under the Fair Labor Standards Act and New York Labor Law must fail as plaintiff has not alleged an adverse employment action; nor has plaintiff established a causal connection between any actions on the part of Defendants and his sole protected activity, the filing of the instant lawsuit.

Plaintiff was terminated from his position for cause approximately seven (7) months prior to the State Court Lawsuit was filed. As plaintiff was not an employee at the time it was filed, the lawsuit cannot be considered an adverse employment action unless it both was adjudicated to be without merit and affected the plaintiff's career in some way. At bar, plaintiff has not adequately pleaded either prong.

Further, even if the lawsuit could be considered an adverse employment action, plaintiff has not alleged any causal connection between the state lawsuit and his filing of the complaint at bar. Nor could he as the state lawsuit received no publicity and was not even available on a Google search. Plaintiff attempts to rely on temporal proximity, which is unavailing given the seven (7) months between his termination and the filing of the state court lawsuit.

Accordingly, the retaliation claims must be dismissed or, at a minimum, stayed until the state court action is fully adjudicated..

## STATEMENT OF FACTS

Defendant Metropolitan Learning Institute ("MLI") is a not-for-profit educational corporation. Defendant Boris Davidoff is the president of MLI. MLI employed plaintiff as a financial aid officer and campus manager for the Jackson Heights school. In January 2018, MLI received a complaint from a student that she was being harassed and threatened by plaintiff. At first, plaintiff denied having any inappropriate contact with the student, then conceded to having a sexual relationship with the student. After interviewing the female student and plaintiff, and reviewing the evidence, MLI determined that plaintiff had harassed the student, and clearly acted in violation of school rules. Plaintiff's employment was then terminated without severance. This action ensued.

Plaintiff commenced this action on March 22, 2018, alleging that MLI failed to pay him overtime wages. MLI answered the complaint, denying the allegations and discovery began. Thereafter, MLI learned that plaintiff had made several statements to students and/or prospective students while employed by MLI, including statements that the education at MLI was "worthless" and that MLI was going to be shut down. Additionally, Defendants learned that word of plaintiff's sexual relationship with, and harassment of a student had spread, causing embarrassment and damage to the school. Ex. B[1] at ¶¶ 15-17.

After learning of plaintiff's misconduct, MLI filed suit in the Supreme Court for the State of New York, County of Queens asserting breaches of his fiduciary duty. The suit, filed nearly five (5) months after plaintiff's commencement of the instant lawsuit, was based solely on plaintiff's conduct while employed by MLI. That action remains pending.

---

[1] All Exhibits are to the annexed Declaration of Michael A. Miranda dated March 1, 2019.

2

Plaintiff also sought to recover unemployment benefits from the school despite his misconduct. After several days of testimony from all parties, and the victim, plaintiff was denied unemployment benefits.

Thereafter, plaintiff amended the complaint at bar twice to add a claim for retaliation. However, plaintiff's Second Amended Complaint still fails to allege an adverse employment action, a required element of a retaliation claim – particularly where the plaintiff was no longer employed by the defendant at the time of the claimed retaliation. As a result of this, and other infirmities, Defendants file the instant motion seeking dismissal of the claim.

## **ARGUMENT**

In order to establish a claim for retaliation under the FLSA and New York Labor Law, a plaintiff must allege: "(1) participation in protected activity known to the defendant… (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010). At bar, plaintiff has failed to allege facts sufficient to establish that either he suffered an adverse employment action and/or that any such adverse action was causally connected to his filing of the instant lawsuit (his sole protected activity). As such, his retaliation claims must be dismissed.

## **POINT I**

### PLAINTIFF FAILED TO ALLEGE AN ADVERSE EMPLOYMENT ACTION

Except in certain rare circumstances, a plaintiff must be employed at the time of the alleged adverse action in order to sustain a claim for retaliation. Guohua Liu v. Elegance Rest. Furniture Corp., 2017 WL 4339476, at *5 (E.D.N.Y. Sept. 25, 2017). At bar, plaintiff was terminated in January 2018 due to inappropriate sexual relationship with a student, and threatening behavior towards her. Ex. B. He filed suit on March 22, 2018. Ex. C. Plaintiff alleges that he was retaliated against in August 2018, when MLI filed suit against him in State Court for breach of fiduciary duty and defamation. Ex. A at ¶¶ 55-72. However, as plaintiff was not working for MLI at the time the State Court lawsuit was filed, that lawsuit cannot automatically be considered an adverse employment action. Id.

A post-employment lawsuit initiated by a former employee can only be considered an adverse employment action where: (1) the lawsuit has previously been determined to be frivolous; and (2) the lawsuit has a negative effect on the former employee's career prospects. Calderon v. Mullarkey Realty, LLC, 2018 WL 2871834 (E.D.N.Y. 2018); Klem v. Popular Ford Sales, Inc., 975 F. Supp. 196, 205 (E.D.N.Y. 1997). At bar, plaintiff has failed to sufficiently allege either of these factors. As such, the claim must be dismissed.

### THE STATE COURT LAWSUIT IS VIABLE AND CLEARLY NOT FRIVOLOUS

While Plaintiff recently filed a motion to dismiss the State Court lawsuit, it remains pending. See Miranda Decl. As explained below, that by itself is a reason to dismiss the retaliation claims or, at a minimum, stay them until resolution of the state suit.

Interestingly, the predicate for plaintiff's motion in State Court is that the claims asserted were allegedly mandatory Federal counter-claims that MLI was required to bring in the instant action. Ex. D. However, plaintiff's entire argument is contrary to the law. Courts in this Circuit

5

have repeatedly held that claims for defamation or breach of fiduciary duty may not be brought as counter-claims in a Federal lawsuit for alleged wage and hour violations. Lopez v. Ki Moon Restaurant Corp., 2018 WL 3370668 (E.D.N.Y. April 24, 2018); Yahui Zhang v. Akami Inc., 2017 WL 4329723 (S.D.N.Y. September 26, 2017); Torres v. Gristede's Operating Corp., 628 F.Supp.2d 447, 468 (S.D.N.Y. 2008).

In Lopez, a case directly on point, the plaintiff sued in Federal court for FLSA violations, and the employer filed a counter-claim alleging breach of fiduciary duty based on the plaintiff's alleged sexual harassment of female employees. The court dismissed the Federal counter-claim, holding that the mere fact that both cases arose out of the plaintiff's employment was insufficient to confer subject matter jurisdiction over the State law claims. Id. at *2.

The case at bar is identical. Plaintiff filed the instant lawsuit alleging that he was not paid overtime when required. The State Court claims, in contrast, are premised upon plaintiff's maintaining an inappropriate relationship with a student, on (and off) school property, and making derogatory and untrue statements about the school, including that it would be closing imminently. Ex. B. Other than the parties involved, the two lawsuits contain no common elements. The focus of the instant lawsuit will be plaintiff's job duties, the hours he worked, and the amount he was paid. The State lawsuit, on the other hand, will focus on plaintiff's sexual misconduct with students and the statements that he made, as well as other breaches of his fiduciary duty as a high-ranking administrator. As such, the State Court claims could not have been brought as mandatory or even permissive counter-claims, and plaintiff's motion to dismiss must be denied.

Nor does the fact that plaintiff's pending motion to dismiss has not yet been denied save the claim. Recently, this Court was faced with a similar motion to dismiss, and held that the mere allegation that a State claim is frivolous, without more, is insufficient to support a claim for

6

retaliation. In Khalid v. DJ Shirley 1 Inc., 2019 WL 325127, at *1 (E.D.N.Y. Jan. 25, 2019), report and recommendation adopted, 2019 WL 885931 (E.D.N.Y. Feb. 21, 2019), the plaintiff in a wage and hour lawsuit moved to amend the complaint to add a claim for retaliation under the FLSA and NYLL. As at bar, the predicate for the amendment was a State lawsuit filed by the former employer against the Federal plaintiff. Id. The Court denied leave to amend, holding that the mere allegation that the claims filed by the employer were frivolous, without more, was insufficient to sustain a pleading. The Court held that the retaliation claim was "at best, premature" and denied leave to amend the complaint. Accordingly, the retaliation claim should be dismissed. In the alternative, claims should be stayed pending resolution of the State Court lawsuit pursuant to this Court's inherent powers. WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997)

The amended complaint does not identify the causes of action in the state court action; nor does it even attempt to explain why such causes of action would be frivolous. Instead, plaintiff relies on the blanket statement that

> Furthermore, with respect to the three claims in the State Court Lawsuit, MLI was unable to set forth a *prima facie* case. As a result, Nunez has also requested that the State Court Lawsuit be dismissed because of MLI's failure to set forth a *prima facie* case.

Ex. A at ¶ 66. Plaintiff fails to provide any factual basis for this Court to conclude that the State Court Lawsuit fails to state a *prima facie* case for any, let alone all, of the claims. In fact, the only basis for his motion in the State action is a flawed interpretation of the compulsory counterclaim rule, as set forth above. As such, his retaliation claim must be denied.

Further, the state court lawsuit includes a claim, *inter alia*, for breach of fiduciary duty. Under the faithless servant doctrine, a faithless employee forfeits all compensation for services tainted by dishonesty. Calderon at *2; see also Markbreiter v. Barry L. Feinberg, M.D., P.C., 2010 WL 334887, at *2 (S.D.N.Y. Jan. 29, 2010). The caselaw has construed this to be an express set

7

off from an FLSA wage claim. Calderon, 2018 WL at *5. As such, the claim is not baseless as a matter of law and the retaliation claim must be dismissed as a matter of law.

The Calderon case is directly on point. There, as here, the plaintiff was terminated and then filed a lawsuit alleging violations of the FLSA and NYLL. Calderon at *5. The plaintiff further alleged that his former employer retaliated in violation of the FLSA by filing a state court action alleging breach of fiduciary duty. Id. at *6. This court granted summary judgment in favor of the defendant, holding that plaintiff had failed to establish that the lawsuit was frivolous or that it adversely affected his job prospects.

As plaintiff has failed to allege that the State Court claims have been deemed frivolous, his retaliation claim must be dismissed.

## PLAINTIFF FAILED TO SUFFICIENTLY ALLEGE A NEGATIVE EFFECT ON HIS CAREER

In addition to establishing that the State lawsuit was frivolous, plaintiff would need to allege that the lawsuit had an adverse effect on his career prospects. Calderon at *6. Defendants noted the deficiency in plaintiff's First Amended Complaint in their pre-motion letter on November 9, 2018. Docket No.: 39.

In response, plaintiff added the following to the Second Amended Complaint: "the State Court Lawsuit most likely hurt Nunez's chances to obtain a comparable position as it is a publicly filed document." Ex. A at ¶ 72. However, this mere recitation of the standard is insufficient as a matter of law. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

In order to defeat a motion to dismiss, a pleading must state "factual allegations sufficient to raise a right to relief above the speculative level." Perry v. NYSARC, Inc., 424 F. App'x 23, 25

(2d Cir. 2011). Plaintiff's Second Amended Complaint does not meet this standard. Indeed, plaintiff's sole allegation concerning any effect on his career is nothing but speculation, with plaintiff guessing that the complaint "most likely" hurt his chances to find other employment. Plaintiff does not identify a single job that he applied for where the potential employer indicated any awareness of the State Court lawsuit.

Indeed, no potential employer could have ever discovered the State Court lawsuit. A simple web search of plaintiff's name would not have revealed the existence of the State Court lawsuit. This is because there are no third-party services publishing the State Court lawsuits. See Miranda Decl. We note that the instant lawsuit, commenced by plaintiff, would show up in simple web searches, as several third-party publishers the docket for all Federal lawsuits.

Moreover, it has not affected his employment prospects as plaintiff's counsel has conceded during discovery that plaintiff secured other employment last fall. Declaration of Michael A. Miranda at ¶ 7.

Indeed, this Court has repeatedly dismissed retaliation claims under similar circumstances. In Rolle v. Educ. Bus Transp., Inc., No. CV 13-1729 SJF AKT, 2014 WL 4662256, at *8 (E.D.N.Y. Aug. 8, 2014), for example, the plaintiff alleged that she was unable to find comparable employment because of negative references from her employer. The court granted the defendant's motion to dismiss the claim, holding that the allegation was "essentially her belief or 'hypothesis' which is not supported by the facts in her pleading." Id. at *8. See also Rodriguez v. N.Y.C. Dep't of Transp. Staten Island Ferry Div., No. 11-CV-3056 NGG VVP, 2012 WL 4364487, at *5 (E.D.N.Y. Aug. 22, 2012).

The case at bar is analogous. Plaintiff has failed to provide any factual support for his allegation that his career prospects were impacted by the filing of the State Court lawsuit. Plaintiff

9

has not identified the number of positions for which he applied, if any, or even how long plaintiff remained unemployed (which we know now as a short interim at most).

In actuality, plaintiff was terminated over 6 months before the State Court complaint was commenced, giving him ample time to find another job. If plaintiff remained unemployed throughout that period, it could not possibly have been due to any retaliation since the action was not commenced or even threatened within the first six (6) months! Further, plaintiff first sought to add the instant claim on August 22, 2018, a mere two (2) weeks after the State Court lawsuit was filed. DE No.: 28.

As plaintiff failed to allege that the State Court lawsuit was an adverse employment action, the claim must be dismissed.

## POINT II

### PLAINTIFF FAILED TO ALLEGE FACTS TO ESTABLISH A CAUSAL CONNECTION

Assuming, arguendo, that plaintiff could allege an adverse employment action, the amended complaint still fails as there is no allegation from which a fact finder could find causation. In his Second Amended Complaint, plaintiff makes no attempt to link his protected activity, the filing of the federal lawsuit, with the alleged retaliatory conduct, the filing of the state court lawsuit, other than the single, conclusory statement that the state court lawsuit was "commenced for leverage purposes and in bad faith" and "was also designed to punish Nunez for engaging in protected activity." Docket No. 35 at ¶ 60. This conclusory statement, without more, is insufficient to support a claim.

Plaintiff does not allege any facts to support his assertion that the filing of the state court lawsuit was retaliatory. As such, plaintiff must rely entirely on temporal proximity. McManamon v. Shinseki, 2013 WL 3466863, at *12 (S.D.N.Y. July 10, 2013). Plaintiff commenced the instant lawsuit on March 22, 2018, two months after his termination. DE 35 at ¶ 53. The state court lawsuit was filed on August 8, 2018, approximately four and a half months later and over six (6) months after his termination.

"District courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation." Murray v. Visiting Nurse Servs. of N.Y., 528 F.Supp.2d 257, 275 (S.D.N.Y. 2007). Thus, plaintiff cannot rely on temporal proximity alone to support his claim.

In his Second Amended Complaint, plaintiff attempts to misdirect the court by alleging that the amended complaint was filed closely in time to an email sent by plaintiff's attorney regarding settlement negotiations. DE 35 at ¶¶ 58-59; see Miranda Decl, Ex.E. However, settlement negotiations are not a protected activity. Kim v. Columbia Univ., 460 F. App'x 23, 25

11

(2d Cir. 2012)[Holding that temporal proximity is measured from when the employer first learned of the employee's complaint, and not the cessation of settlement discussions.] In fact, the amended complaint specifically identifies the filing of the federal action as the protected activity. DE 35 at ¶ 54.

Additionally, plaintiff's Second Amended Complaint alleges that "Plaintiff's counsel emailed Defendants' counsel and informed him that the parties were too far apart and that it would not be fruitful to continue to engage in settlement discussions." Ex. B at ¶ 60. However, the actual email thread alluded to by plaintiff demonstrates that Defendants never even made an actual offer. Ex. F. Defendants were clear that they believe plaintiff's claims are meritless, and would not pay any significant amount. Indeed, on August 5th, counsel asked whether Defendants had made a firm offer. Ex. F. It was only after Defendants replied that they had not and would not be making an offer at that time that plaintiff decided not to continue settlement negotiations. Ex. F.

Further, plaintiff's entire theory of the retaliation claim is that within just two (2) days, Defendants' former counsel notified the clients of plaintiff's email, Defendants made the determination to sue, researched possible claims, drafted pleadings and filed. This is, frankly, absurd. Clearly the determination to sue had been made some time before the August 6th email.

As plaintiff failed to allege any facts from which a causal connection between the alleged protected activity and the alleged adverse employment action, the claim for retaliation must be dismissed.

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that the retaliation claims in plaintiff's Second Amended Complaint should be dismissed at this time.

Dated: Mineola, New York
      March 1, 2019

                                  MIRANDA SLONE
                                  SKLARIN VERVENIOTIS LLP
                                  Attorneys for the Defendant

                                  _/s/_____
                                  Michael A. Miranda
                                  Richard B. Epstein
                                  240 Mineola Boulevard
                                  The Esposito Building
                                  Mineola, New York 11501
                                  (516) 741-7676