```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
STEVEN NUNEZ a.k.a. STEVEN CRUZ

                Plaintiff,

    -against-

METROPOLITAN LEARNING INSTITUTE,
INC., and BORIS DAVIDOFF, individually

                Defendants.
------------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-1757 (FB)(VMS)

*For the Plaintiff*:
THE LAW OFFICES OF
JACOB ARONAUER
Jacob Aronauer, Esq.
225 Broadway
New York, NY 10007

*For the Defendant*:
MIRANDA SLONE SKLARIN
VERVENIOTIS LLP
Michael A. Miranda, Esq.
240 Mineola Boulevard
Mineola, New York 11501

**BLOCK, Senior District Judge:**

Plaintiff Steven Nunez brings this action for unpaid overtime and retaliation, under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), against Metropolitan Learning Institute and Boris Davidoff. The defendants move to dismiss plaintiff's retaliation claims under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motion is denied.

**I.**

For purposes of this motion, the Court must take as true all the allegations of the complaint and must draw all inferences in plaintiff's favor. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). To survive a motion to dismiss, a

1

complaint "does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must "to state a claim to relief that is *plausible* on its face." *Twombly*, 550 U.S. at 569 (emphasis added).

## II. Discussion

The plaintiff was terminated by the defendants in January 2018. The plaintiff filed this lawsuit on March 22, 2018 for unpaid overtime wages. The defendants subsequently sued the plaintiff in state court on August 8, 2018 for breach of contract, breach of fiduciary duties, and defamation. On October 1, 2018, plaintiff amended his complaint to add retaliation claims citing the defendants' state lawsuit.

In order to state a claim for retaliation, the plaintiff must establish: "(1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). The plaintiff filed the instant lawsuit, a protected activity, of which the defendants are aware. *See Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 472 n.20 (E.D.N.Y. 2008).

## III. Adverse Employment Action

The alleged adverse employment action here is the defendants' state lawsuit. An adverse employment action is one that may "dissuade a reasonable worker from

making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Courts have held that the filing of a baseless lawsuit can be an adverse action. *See Romero v. Bestcare, Inc.*, No. 15-cv-7397(JS)(GRB), 2018 WL 1702001, at *5 (E.D.N.Y. Feb. 28, 2018) (citing cases). In *Romero*, the plaintiff alleged that the defendant's sole purpose for filing a counterclaim was to retaliate against the plaintiff. *Id*. at *6. The Court found that allegation to be sufficient at the pleadings stage to show the "[c]ounterclaim is baseless or would not have been pursued absent a retaliatory motive." *Id*.[1]

Similar to the *Romero* plaintiff, the plaintiff here alleged that the state lawsuit was filed for "leverage" and was "designed to punish Nunez for engaging in [a]

---

[1] The defendants argue that the plaintiff must allege harm to his career prospects, citing *Calderon* and *Klem*. *Calderon v. Mullarkey Realty, LLC*, No. 14-cv-2616 (PKC)(RLM), 2018 WL 2871834 (E.D.N.Y. June 10, 2018); *Klem v. Popular Ford Sales, Inc.*, 975 F.Supp. 196 (E.D.N.Y. 1997). *Klem* was decided prior to the Supreme Court's decision in *Burlington Northern*, which "expanded the universe of actionable retaliation." *Romero*, 2018 WL 1702001, at *5 n.11. And, *Calderon* is distinguishable. 2018 WL 2871834. It was a motion for summary judgment, so the plaintiff had the benefit of discovery. *Id*. at *7. Additionally, the plaintiff did not establish an adverse employment action as the defendants' lawsuit against him was "indisputably meritorious." *Id*. at *16. In granting summary judgment, the Court considered defendants' meritorious lawsuit in conjunction with the lack of evidence of harm to plaintiff's career prospects. *Id*. Here, the plaintiff has not had the benefit of discovery regarding any impact on his career prospects. And, it is not "indisputable" that the defendants' state lawsuit is meritorious as it was dismissed. Nevertheless, the plaintiff alleged damages as a result of the state lawsuit, including financial expenditures and that the lawsuit likely hurt his employment opportunities.

protected activity." (Complt. ¶¶68, 69). In addition, the plaintiff provided the court with Judge Butler's dismissal of the defendants' state court lawsuit in its entirety.[2] *See Blue TreeHotels Inv. (Canada), Ltd. V. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir. 2004) ("[W]e may also look to public records . . . in deciding a motion to dismiss."). The dismissal of the state court action, at the very least, makes it plausible that the lawsuit was baseless. As such, the plaintiff sufficiently alleged an adverse employment action that disadvantaged him.

### IV. Causal Connection

The plaintiff must also allege "a causal connection between the protected activity and the adverse employment action." *Mullins*, 626 F.3d at 53. A causal connection may be established by temporal proximity, but can also be established through evidence of retaliatory intent. *See Gordon v. New York City Bd. Of Educ.*, 232 F.3d 111, 117 (2d. Cir. 2000); *Johnson v. Palma,* 931 F.2d 203, 207 (2d Cir.1991). Here, the defendants argue the plaintiff solely relies on temporal proximity to establish casual connection and the lapse of time between this action and the state lawsuit is too large to draw a causal inference.

---

[2] This case is different from *Khalid v. DJ Shirley 1 Inc.*, No. 15-cv-5926 (SJF)(GRB), 2019 WL 325127 (E.D.N.Y. Jan. 25, 2019), to which both parties cite. In *Khalid*, the defendants' state court suit had not been dismissed, so the Court found premature the plaintiff's motion to amend. *Id*. at *2.

Regarding temporal proximity, about four months elapsed between the filing of this lawsuit and the filing of the state lawsuit. The Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship." *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001). At the pleadings stage, four months is not too attenuated to find temporal proximity. *See Id.* (finding a five-month gap sufficient)[3]; *Santana v. Rent A Throne, Inc.*, No. 2:15-cv-2563(DRH)(GRB), 2018 WL 1027667, at *8 (E.D.N.Y. Feb. 21, 2018) (five-month gap sufficient even at the summary judgment stage).

Regarding retaliatory intent, "a plaintiff can plausibly plead a causal connection by showing other actions in that time frame that suggest[ ] a retaliatory motive by defendants." *Salazaar v. Bowne Realty Associates, L.L.C.*, 796 F.Supp.2d 378, 385 (E.D.N.Y. 2011) (internal quotations and citations omitted). First, the plaintiff alleged that the defendants filed the state lawsuit two days after settlement discussions fell apart in this case, despite being aware of the harassment allegations against the plaintiff since January 2018. Also, the plaintiff noted that after the dismissal of the state lawsuit, the defendants hurriedly filed another lawsuit against

---

[3] The defendants argue that *Gorman* is inapposite because it involved first amendment speech as the protected activity. The Court disagrees. *See Farmer v. Dr. Lucia Patino, Optometrist, P.C.*, No. 18-cv-1435(AMD)(LB), 2019 WL 110956, at *4 (E.D.N.Y. Jan. 4, 2019) (citing to *Gorman* while analyzing temporal proximity within NYLL and FLSA retaliation claims).

the plaintiff on parallel grounds. The plaintiff alleged retaliatory intent sufficient to survive a motion to dismiss, even if temporal proximity is on the edge of attenuation.

## V. Conclusion

Based on the four-month proximity and the actions of the defendants in connection with the state court lawsuit, the Court finds it plausible that the defendants retaliated against the plaintiff four months after he filed this complaint by filing the state lawsuit. As such, the defendants' motion to dismiss is denied.

**IT IS SO ORDERED.**

                                                 /S/ Frederic Block          
                                               FREDERIC BLOCK
                                               Senior United States District Judge

October 24, 2019
Brooklyn, New York